IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

JASON HEFLICK
ADC # 653367                                                                                    PLAINTIFF

V.                          CASE NO. 4:11CV00614 SWW/BD

FAULKNER COUNTY SHERIFF'S DEPT., *et al.*                             DEFENDANTS


RECOMMENDED DISPOSITION

I.      Procedures for Filing Objections:

The following Recommended Disposition has been sent to United States District Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. A copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

Mail your objections and/or "statement of necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

**II.     Introduction:**

Plaintiff Jason Heflick, an inmate formerly housed at the Faulkner County Detention Center ("Detention Center"), brings this action pro se under 42 U.S.C. § 1983. (Docket entry #2)  Mr. Heflick alleges that Defendants Byrd, Brown, and Randall violated his constitutional rights by: (1) denying him certain hygiene products in violation of Detention Center policy; (2) housing him with inmates who allegedly had boils; and (3) removing the mat from his cell between 6:00 a.m. and 7:00 p.m.  He also names the Faulkner County Sheriff's Department as a Defendant.

Mr. Heflick has failed to state a claim for relief under 42 U.S.C. § 1983, and his case should be summarily dismissed.

**III.    Discussion:**

Federal courts are required to screen prisoner complaints that seek relief against a government entity, officer, or employee.  Courts will dismiss any part of a complaint raising claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek money from a defendant who is immune from paying damages.  28 U.S.C. § 1915A(b).

   A.     Violation of Prison Policy

In his complaint, Mr. Heflick claims that the Defendants have not complied with "their own jailhouse policy" by denying him a washcloth and razors.  (#2 at p.5) Unfortunately for Mr. Heflick, the failure to follow prison policy or procedure is not a

constitutional violation. See *Gardner v. Howard*, 109 F.3d 427, 430 (8th Cir. 1997) (no § 1983 liability for violation of prison policy). As a result, this claim fails.

B.  Deliberate Indifference

Mr. Heflick also claims that his conditions of confinement violated his constitutional rights, but this claim also fails. In order to establish that conditions of confinement are unconstitutional, a prisoner must show (1) the deprivation was, "objectively, sufficiently serious," resulting "in the denial of the minimal civilized measure of life's necessities," and (2) prison officials were deliberately indifferent to "an excessive risk to inmate health or safety." *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 1977, 1980 (1994). "[O]nly those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Hudson v. McMillian*, 503 U.S. 1, 9, 112 S.Ct. 995, 1000 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324 (1991)).

Because Mr. Heflin was a pre-trial detainee during at least part of his detention, the due process standard of the Fourteenth Amendment applies in deciding the constitutionality of his conditions of confinement. This standard, however, is the same as that applied under Eighth Amendment claims. See *Bell v. Wolfish*, 441 U.S. 520, 535 (1976), and *Whitnack v. Douglas County*, 16 F.3d 954, 957 (8th Cir. 1994).

Mr. Heflick complains that he was housed with other inmates who had boils and that being placed with these individuals "risked [his] health." Assuming this is true, it

falls far short of being an "objectively serious" risk of harm.  More importantly, Mr. Heflick fails to state that he sustained any injury as a result of his housing situation. Therefore, that claim fails.

Mr. Heflick also alleges that he was not given a mattress during day-time hours. The Eighth Circuit has held that there is no absolute right to be placed in a cell with bedding.  *Williams v. Delo*, 49 F.3d 442, 446 (8th Cir. 1995)(citing *Johnson v. Boreari*, 946 F.2d 67, 71 (8th Cir. 1991)).  Further, Mr. Heflick again fails to allege that he suffered any actual injury as a result of being denied a mattress during the day-time hours. Although he may have been uncomfortable as a result of not having a mattress during the day, this kind of inconvenience does not rise to the level of denying Mr. Heflick minimal civilized measures of life's necessities.

C.   Faulkner County Sheriff's Department

Mr. Heflick has sued the Faulkner County Sheriff's Department.  Section 1983 authorizes suits against any "person" acting under color of state law who deprives a person of constitutional rights.  The Faulkner County Sheriff's Department is not considered a "person" under 42 U .S.C. § 1983.  See *Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992) (holding that police and sheriff's departments are not usually considered legal entities subject to suit); *Ketchum v. City of West Memphis*, 974 F.2d 81 (8th Cir. 1992) (holding that the West Memphis Police Department and Paramedic

Services are departments or subdivisions of the City government and not separate jurisdictional entities).

## IV.  Conclusion:

The Court recommends that Mr. Heflick's claims against Defendants Byrd, Brown, and Randall be DISMISSED without prejudice.  Mr. Heflick's claims against the Faulkner County Sheriff's Department should be DISMISSED with prejudice.  The Court also recommends that the Court certify that an *in forma papueris* appeal of this dismissal would be frivolous and not taken in good faith.

DATED this 22nd day of August, 2011.

_____
UNITED STATES MAGISTRATE JUDGE